# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Mark A. Ryder, | : | Case No. 1:06CV2105 |
| | : | |
| Petitioner | : | Judge Donald C. Nugent |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Philip Kerns, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his January 8, 1999 conviction pursuant to a jury trial of one count of violating a temporary restraining order, one count of aggravated burglary, one count of intimidation, one count of domestic violence, one count of aggravated menacing, and one count of felonious assault,[1] upon which he is serving aggregated sentences of fourteen years incarceration.

Petitioner's convictions arose as a consequence of the October 5, 1998 brutal attack he committed on upon Ms. Theresa Hyer, a woman with whom he had been romantically linked and who was the mother of his child.

On April 14, 1999 petitioner, acting through new counsel, appealed his convictions to the Ohio Ninth District Court of Appeals, alleging three assignments of error:

---

[1]Prior to trial the court granted a motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure on one count of domestic violence. At trial, the jury acquitted petitioner on another count of domestic violence, one count of menacing by stalking, and one count of kidnapping.

    I.    Mark A. Ryder's right to due process of law, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Article I Sections 10 and 16 of the Ohio Constitution, was denied when he was convicted of and sentenced for the crime of aggravated burglary which was against the manifest weight of the evidence.

    II.    Mark A. Ryder's right to due process of law, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Article I Sections 10 and 16 of the Ohio Constitution, was denied when he was convicted of and sentenced for the crime of intimidation which was against the manifest weight of the evidence.

    III.    The trial court erred to the prejudice of the appellant when it failed to grant the appellant's request for a mistrial due to prosecutorial misconduct during closing arguments which denied the appellant his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 9, 10 and 16 of the Ohio Constitution.

On August 30, 2000 the state appellate court affirmed the judgment of conviction and sentence.

Petitioner did not appeal the foregoing ruling to the state supreme court.

While his appeal was pending, on November 1, 1999 petitioner, represented by the Ohio Public Defender's Office, filed with the trial court a petition to vacate or set aside judgment of conviction in which he asserted the following claims:

1. Actual Innocence

2. Ineffective Assistance of Counsel

    a. Objective standard of reasonable representation

    b. Reasonable probability of a different outcome

The petition was denied on November 18, 1999.

Petitioner appealed the denial of his petition for post-conviction relief to the Ohio Ninth District Court of Appeals, asserting the following three assignments of error:

> I. The trial court committed prejudicial error by dismissing Appellant's uncontested petition to Vacate and Set Aside Judgment before Appellant could move for summary judgment.
>
> II. The trial court erred in refusing to conduct an evidentiary hearing on Appellant's Petition to Vacate and Set Aside Judgment and in dismissing the petition. The trial court's errors deprived Appellant of his constitutional right to due process as guaranteed by the fifth and fourteenth amendments to the United States Constitution.
>
> III. The trial court erred by failing to issue findings of fact and conclusions of law as required by R.C. 2953.21.

On October 24, 2000 the state appellate court dismissed the appeal for lack of a final appealable order.

Once again represented by the state public defender, petitioner filed with the trial court on March 7, 2001 a motion for findings of fact and conclusions of law requesting that the trial court enter a written opinion in accordance with the applicable law. More than three years later and after the submission of multiple proposed findings of fact and conclusions of law, on August 13, 2004 the court finally issued a judgment entry with such findings of fact and conclusions of law.

Petitioner appealed that judgment entry to the state appellate court, asserting the following two assignments of error:

> I. The trial court committed prejudicial error by dismissing Mr. Ryder's uncontested Petition to Vacate and Set Aside Judgment where the petition presented sufficient operative facts and evidence dehors the trial record that, if proven, would entitle Mr. Ryder to relief.
>
> II. The trial court erred in refusing to conduct an evidentiary hearing on Appellant's Petition to Vacate and Set Aside Judgment when the evidence offered in support of the petition supported Mr. Ryder's ineffective assistance of counsel claim. The trial court's error deprived appellant of his constitutional right to due process as guaranteed by the Fifth and Fourteenth

3

Amendments to the United States Constitution.

On March 24, 2005 the state appellate court affirmed the judgment of the trial court.

On May 9, 2005 petitioner appealed the forgoing ruling to the Ohio Supreme Court alleging the following two propositions of law:

> **Proposition of Law No. I:** A defendant is entitled to a hearing on his post-conviction relief petition when he submits an affidavit from a disinterested witness that contradicts the victim's testimony on one or more of the offenses charged against the defendant.
>
> **Proposition of Law No. II:** Defense counsel failure to interview a disinterested witness whose testimony undermines the victim's version of events on the most serious charges against defendant may not be presumed to be "trial strategy," but is instead ineffective assistance of counsel when the defendant shows prejudice from counsel's inaction.

On September 7, 2005 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On August 31, 2006 petitioner filed the instant petition in which he raises the following two claims for relief:

> **A.** **GROUND ONE:** PETITIONER RYDER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> **Supporting FACTS:** Trial counsel failed to interview a key witness to Ryder's defense. Ryder asked his lawyer to interview Kelly Fesco, a friend of the alleged victim. Had counsel interviewed Fesco, he would have learned that the complaining witness was lying about key facts pertaining to the incident.
>
> **B.** **GROUND TWO:** PETITIONER RYDER WAS DENIED DUE PROCESS OF LAW BY THE

4

> TRIAL COURT'S REFUSAL TO CONDUCT AN EVIDENTIARY HEARING ON HIS PETITION TO VACATE AND SET ASIDE JUDGMENT.
>
> **Supporting FACTS:** Ohio law requires that a trial court conduct a hearing when the petitioner states grounds for relief that are supported by evidence outside of the trial court record.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).

In light of the concession by respondent that there are no issues of untimeliness, failure of exhaustion, or procedural bar in this case, this Court will turn its attention to merits review.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings.  Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  A state court adjudication is deemed as being "contrary to" Supreme

5

Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A state court adjudication is deemed as involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520.  In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

In his first claim for relief petitioner alleges that he was denied the effective assistance of trial counsel by reason of counsel's failure to call as a witness at trial Ms.Kelly Fesco, a friend of the victim.

A petitioner claiming ineffective assistance of counsel must demonstrate that counsel's conduct was so far below acceptable standards of representation that he or she was not functioning

6

as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance so prejudiced the defense as to render the trial unfair. Strickland v. Washington, 466 U.S. 668 (1984). See also, United States v. Bavers, 787 F.2d 1022 (6th Cir. 1985). Disagreement by a defendant with tactics and/or strategy will not support a claim of ineffective assistance, and a petitioner in habeas corpus must overcome a presumption that challenged conduct of counsel was a matter of strategy, Strickland, 466 U.S. at 689. Accord, Wilson v. Yukins, unreported, 1999 U.S.Dist. LEXIS 7644 (E.D.Mich. 1999). The prejudice prong of the test may be satisfied by a showing that counsel's error deprived the petitioner of a fundamentally fair trial which resulted in a verdict lacking in reliability. Kimmelman v. Morrison, 477 U.S. 365 (1986).

Under the AEDPA this Court must first determine whether the state court's application of the Strickland standard was objectively unreasonable. Alley v. Bell, 307 F.3d 380, 400 (6th Cir. 2002), quoting Bell v. Cone, 152 L.Ed.2d 914, 122 S.Ct. 1843, 1852 (2002) ("under §2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." (Citation omitted.)).

The appellate court considered and rejected petitioner's argument that his trial counsel's representation amounted to constitutionally ineffective assistance, holding in pertinent part:

> Defendant claims that the trial court erred in denying his motion for post-conviction relief because he received ineffective assistance of trial counsel. Defendant maintains that he was prejudiced by his attorney's actions since his attorney failed to interview a friend of the victim who was thought to have evidence undermining the credibility of the victim, the prosecution's main witness.

7

This Court employs a two-step process in determining whether a defendant's right to effective assistance of counsel has been violated. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." *State v. Calhoun* (1999), 86 Ohio St.3d 279, 289. "This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

Second, the defendant must show that the deficient performance of counsel prejudiced the defense. *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice exists where there is a reasonable probability that the outcome of the trial would have been different but for the alleged deficiencies of counsel. Id. at paragraph three of the syllabus. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

This court need not address both elements in any particular order– if we find that there was no prejudice to Defendant by defense counsel's acts, we need not address whether defense counsel's acts were actually deficient. See *Bradley*, 42 Ohio St.3d at 143. In this case, we find that defendant has failed to show that prejudice resulted from trial counsel's acts. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." *State v. Watson* (Jul. 30, 1997), 9th Dist. No. 18215, at 4. Debatable trial strategies do not constitute ineffective assistance of counsel. *State v. Gales* (Nov. 22, 2000), 9th Dist. No. 00CA007541, at 17.

Defendant claims that his attorney's "failure to present evidence favorable to the defense denied defendant a fair trial, and therefore, denied him effective assistance of counsel." The favorable evidence Defendant refers to is that of Ms. Fesco. In Defendant's petition for post conviction relief, he attached an affidavit of Ms. Fesco in which she stated that she saw the victim the day after Defendant had assaulted her, and the victim told Ms. Fesco that "[Defendant] had beaten her up in a bar." The victim had testified that Defendant broke into her house and beat her in her house and then took her into her vehicle where he proceeded to assault her.

8

Based on the victim's testimony and the testimony of multiple other witnesses, Defendant was found guilty of violating a temporary protective order, aggravated burglary, intimidation, domestic violence, aggravated menacing and felonious assault. The testimony Defendant claims his trial counsel was ineffective for not introducing, that of Ms. Fesco, could have bolstered the evidence introduced against Defendant for each of the above counts other than his conviction for aggravated burglary. While it is possible that the jury may have viewed Ms. Fesco's testimony in a light favorable to Defendant, and may have discounted the victim's account of her assault, it is equally possible that the jury would have viewed the same testimony in a negative light to Defendant, supporting the victim's claims that he assaulted her and was violent towards her.

Licensed attorneys are presumed competent in Ohio. *State v. Lytle* (1976), 48 Ohio St.2d 391, 397. "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* (1984), 466 U.S. at, 689, quoting *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 100 L.Ed. 83. We do not find that Defendant has overcome the presumption that his attorney was employing a sound trial strategy.

If Defendant has not shown substantive grounds for relief on his ineffective assistance of counsel claim, the trial court is not required to conduct a hearing. *Jackson*, 64 Ohio St.2d at 110.

> "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Id. at syllabus.

"General conclusory allegations as to counsel's ineffectiveness or broad assertions *** are inadequate as a matter of law to warrant an evidentiary hearing or support a finding of post conviction relief." *State v. Guess* (Oct. 8, 1997), 9th Dist. No. 18252, at 5. Defendant submitted his own affidavit stating that he had asked his counsel to interview Ms. Fesco and he submitted Ms. Fesco's affidavit stating that the victim had told her that Defendant assaulted her in a bar. Defendant did not present evidence showing how he was prejudiced by trial counsel's actions, nor did he show that the trial result would

9

> have been different but for the alleged deficiencies of counsel. See *Bradley*, 42 Ohio St.3d 136, at paragraph three of the syllabus.
>
> As mentioned above, we review the trial court's decision denying Defendant's petition for post conviction relief without a hearing under an abuse of discretion standard. *Watson*, 126 Ohio App.3d at 324. We find that the trial court did not abuse its discretion in finding that defense counsel's decision not to call Ms. Fesco as a witness to testify that Defendant beat the victim at a bar did not amount to ineffective assistance of counsel.
>
> As defendant did not satisfy his initial burden, the trial court did not err in denying him a hearing. Accordingly, we cannot say that the trial court abused its discretion in denying Defendant's petition for post-conviction relief without a hearing. Defendant's assignments of error are overruled.

This Court finds that the state appellate court's conclusion that trial counsel's decision not to call Ms. Fesco as a witness at trial did not rise to the level of ineffective assistance of counsel was not an objectively unreasonable application of Strickland to the facts of this case, nor was it an unreasonable determination of the facts in light of the evidence presented, considering the strong evidence against petitioner and the fact that Ms. Fesco's affidavit statements reflect that her testimony could have worked against the defense, which would undermine petitioner's claims of prejudice. As a consequence, petitioner's claim of ineffective assistance must fail.

In his second claim for relief the petitioner asserts that the trial court's refusal to conduct an evidentiary hearing on his petition for post-conviction relief violated his due process rights.

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994). A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. See, Floyd v. Alexander, 148 F.3d 615, 619

10

(6th Cir.), cert. denied, 525 U.S. 1025 (1998); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993), cert. denied, 510 U.S. 1201 (1994). It is the obligation of this Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accord, Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986).

The state court appellate addressed this purely as a matter of state law, and at the outset of its opinion held:

> In his two assignments of error, Defendant claims that the trial court erred by denying his petition to vacate and set aside judgment and failing to conduct an evidentiary hearing on his petition to set aside judgment where he offered evidence in support of his ineffective assistance of counsel claim. We disagree.
>
> A hearing is not automatically required for every petition for post-conviction relief. See *State v. Yauger* (Oct. 6, 1999), 9th Dist. No. 19392, at 3. R.C. 2953.21(C) provides that: '"[b]efore granting a hearing on a petition [for post conviction relief] the court shall determine whether there are substantive grounds for relief." Thus, if after reviewing the evidence and the record, the court does not find substantive grounds for relief, it may dismiss the petition without a hearing. *State v. Jackson* (1980), 64 Ohio St.2d 107, 110. "If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(C). In this case, the trial court did file its findings of fact and conclusions of law. The trial court concluded that Defendant did not have any substantive grounds for relief and dismissed Defendant's petition.
>
> An appellate court reviews a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard. *State v. Watson* (1998), 126 Ohio App.3d 316, 324, citing *State v. Allen* (Sept. 23, 1994), 11th Dist. No. 93-L-123. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial

>court. Id.

The court went on to hold, as quoted infra, that:

> If Defendant has not shown substantive grounds for relief on his ineffective assistance of counsel claim, the trial court is not required to conduct a hearing. *Jackson*, 64 Ohio St.2d at 110.
>
>> "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Id. at syllabus.
>
> "General conclusory allegations as to counsel's ineffectiveness or broad assertions *** are inadequate as a matter of law to warrant an evidentiary hearing or support a finding of post conviction relief." *State v. Guess* (Oct. 8, 1997), 9th Dist. No. 18252, at 5.

In light of its finding that ineffective assistance of counsel had not been established, the court further held, "As Defendant did not satisfy his initial burden, the trial court did not err in denying him a hearing. Accordingly, we cannot say that the trial court abused its discretion in denying Defendant's petition for post-conviction relief without a hearing."

These allegations of violation of state law fail to rise to the level of a denial of fundamental fairness and, therefore, are not cognizable in federal habeas corpus. However, even if they were to be considered this Court would not find that the decision of the state appellate court on the foregoing matter was either objectively unreasonable or that it involved an unreasonable application of federal law. Consequently, petitioner's second claim for relief must fail.

In light of all the foregoing, it is recommended that the petition be dismissed without further proceedings.

                                                                                   s/DAVID S. PERELMAN  
                                                                                    United States Magistrate Judge

DATE:    June 15, 2007

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).