**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK A. RYDER,** | ) | **CASE NO.  1:06 CV 2105** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **PHILIP KERNS, Warden,** | ) | **Magistrate Judge David S. Perelman** |
| | ) | |
| **Respondent.** | ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David S. Perelman.  The Report and Recommendation (Document #12) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) is DISMISSED.

Petitioner challenges the constitutionality of his January 8, 1999 conviction following a jury trial. Petitioner was convicted of one count of violating a temporary restraining order; one count of aggravated burglary; one count of intimidation; one count of domestic violence; one count of aggravated menacing; and, one count of felonious assault.  Petitioner's convictions arose as a consequence of the October 5, 1998 attack he committed on Ms. Theresa Hyer. Petitioner is serving aggregated sentences

of fourteen years incarceration.

On April 14, 1999, Petitioner appealed his convictions to the Ohio Ninth District Court of Appeals, alleging three Assignments of Error:

> I.    Mark A. Ryder's right to due process of law, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Article I Sections 10 and 16 of the Ohio Constitution, was denied when he was convicted of and sentenced for the crime of aggravated burglary which was against the manifest weight of the evidence.

> II.   Mark A. Ryder's right to due process of law, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Article I Sections 10 and 16 of the Ohio Constitution, was denied when he was convicted of and sentenced for the crime of intimidation which was against the manifest weight of the evidence.

> III.  The trial court erred to the prejudice of the appellant when it failed to grant the appellant's request for a mistrial due to prosecutorial misconduct during closing arguments which denied the appellant his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 9, 10 and 16 of the Ohio Constitution.

On August 30, 2000, the State Appellate Court affirmed the Petitioner's conviction and sentence. Petitioner did not appeal the foregoing ruling to the Ohio Supreme Court.

On November 1, 1999, while his appeal was pending, Petitioner, represented by the Ohio Public Defender's Office, filed his Petition to Vacate or Set Aside Judgment with the Trial Court, in which he asserted the following claims:

> 1.    Actual Innocence

> 2.    Ineffective Assistance of Counsel
>       a. Objective standard of reasonable representation
>       b. Reasonable probability of a different outcome

The petition was denied on November 18, 1999.

Petitioner appealed the denial of his Petition for Post-Conviction Relief to the Ohio Ninth District Court of Appeals, asserting the following three Assignments of Error:

I.   The trial court committed prejudicial error by dismissing Appellant's uncontested petition to Vacate and Set Aside Judgment before Appellant could move for summary judgment.

II.  The trial court erred in refusing to conduct an evidentiary hearing on Appellant's Petition to Vacate and Set Aside Judgment and in dismissing the petition. The trial court's errors deprived Appellant of his constitutional right to due process as guaranteed by the fifth and fourteenth amendments to the United States Constitution.

III. The trial court erred by failing to issue findings of fact and conclusions of law as required by R.C. 2953.21.

On October 24, 2000, the State Appellate Court dismissed the appeal for lack of a final appealable order.

On March 7, 2001, Petitioner, represented by the State Public Defender, filed his Motion for Findings of Fact and Conclusions of Law with the Trial Court, requesting a written opinion in accordance with the applicable law.  On August 13, 2004, more than three years later and after the submission of multiple proposed findings of fact and conclusions of law, the Trial Court issued its Judgment Entry.

Petitioner appealed that Judgment Entry to the State Appellate Court, asserting the following two Assignments of Error:

I.   The trial court committed prejudicial error by dismissing Mr. Ryder's uncontested Petition to Vacate and Set Aside Judgment where the petition presented sufficient operative facts and evidence dehors the trial record that, if proven, would entitle Mr. Ryder to relief.

II.  The trial court erred in refusing to conduct an evidentiary hearing on Appellant's Petition to Vacate and Set Aside Judgment when the evidence

-3-

offered in support of the petition supported Mr. Ryder's ineffective assistance of counsel claim.  The trial court's error deprived appellant of his constitutional right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

On March 24, 2005, the State Appellate Court affirmed the judgment of the Trial Court.

On May 9, 2005, Petitioner appealed to the Ohio Supreme Court alleging the following two Propositions of Law:

**Proposition of Law No. I:** A defendant is entitled to a hearing on his post-conviction relief petition when he submits an affidavit from a disinterested witness that contradicts the victim's testimony on one or more of the offenses charged against the defendant.

**Proposition of Law No. II:** Defense counsel failure to interview a disinterested witness whose testimony undermines the victim's version of events on the most serious charges against defendant may not be presumed to be "trial strategy," but is instead ineffective assistance of counsel when the defendant shows prejudice from counsel's inaction.

On September 7, 2005, the State Supreme Court denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On August 31, 2006, Petitioner filed the instant petition in which he raises the following two Claims for Relief:

**A. GROUND ONE:** PETITIONER RYDER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

**Supporting FACTS:** Trial counsel failed to interview a key witness to Ryder's defense. Ryder asked his lawyer to interview Kelly Fesco, a friend of the alleged victim. Had counsel interviewed Fesco, he would have learned that the complaining witness was lying about key facts pertaining to the incident.

**B. GROUND TWO:** PETITIONER RYDER WAS DENIED DUE PROCESS OF LAW BY THE TRIAL COURT'S REFUSAL TO CONDUCT AN EVIDENTIARY HEARING ON HIS PETITION TO VACATE AND SET ASIDE JUDGMENT.

-4-

**Supporting FACTS:** Ohio law requires that a trial court conduct a hearing when the Petitioner states grounds for relief that are supported by evidence outside of the trial court record.

Respondent filed a Return of Writ on December 8, 2006 (Docket #8). Petitioner filed a Traverse on January 17, 2007 (Docket #10).

On June 15, 2007, the Magistrate Judge issued a Report and Recommendation.  (Docket #12.)  Based upon a thorough review of each of Petitioner's Claims for Relief, the Magistrate Judge recommends that the Petition be dismissed without further proceedings.

On June 29, 2007, Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation (Docket #13).  Petitioner asserts that had counsel properly investigated his case, there is a reasonable probability that he would have served only a misdemeanor sentence and would now be free.  Specifically, Petitioner argues that the State should have done a more thorough investigation of a potential witness, Kelly Fesco.  In addition, Petitioner argues that the Magistrate Judge failed to adequately "analyze the pertinent facts and the applicable Sixth Circuit precedent."

On July 12, 2007, Respondent filed a Response to Petitioner's Objections to the Report and Recommendation (Docket #14).  Respondent states that Petitioner's Objections do nothing more than restate the arguments made by Petitioner throughout his state and federal proceedings and that Petitioner has not pointed out any errors of law or improper determinations of fact made by the Magistrate Judge that would justify reaching a different conclusion in this case.  Respondent asserts that Petitioner's trial counsel had good reason not to pursue Ms. Fesco's testimony at trial and that there is no reason to believe her testimony would have been helpful.  Respondent states that there was no

evidence that Petitioner was prejudiced by his attorney's decision not to use Ms. Fesco as a witness.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo.*  FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The Court has reviewed the Report and Recommendation *de novo,* as well as the briefs and supporting material submitted by the Parties, and the objections to the Report and Recommendation raised by Petitioner, and finds the Report and Recommendation to be well-reasoned and correct.  The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Perelman as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Perelman (Document #12) in its entirety; Petitioner's Petition for Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

s/ Donald C. Nugent_____
DONALD C. NUGENT
United States District Judge

DATED:__July 30, 2007_____